## PICKERING LUMBER CO. v. CITY NAT. BANK & TRUST CO.

### No. 8805.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

John C. North and R. B. King, both of Corpus Christi, for appellant.

Hubbard, Dyer & Weaver, of Corpus Christi, for appellee.

FLY, C. J.

This suit was instituted by Southwestern Title Guaranty Company against the City National Bank & Trust Company of Corpus Christi, Tex.; to recover $375. Appellee filed a cross-action against the guaranty company and against appellant, seeking to recover of them $252.40. The court rendered judgment against appellee for $375 and against appellant, on the former's cross-action. The Pickering Lumber Company alone appealed. The Southwestern Title Guaranty Company is not a party to this appeal, and, of course, not affected by it.

The findings of fact of the trial judge are sustained and supported by the statement of facts, and the same are approved by the court. They are as follows:

"On or about June 5th, 1930, defendant, City National Bank & Trust Company, collected $375.00, for the account of plaintiff, Southwestern Title Guaranty Company, failed to pay over said money to said title company, and yet has same in its possession.

"C. H. Boone built a house which was completed about March 1st, 1929, against which there were various items of construction costs, including a mechanic's and materialman's lien contract held by Pickering Lumber Company and an item of $250.00 for

flooring furnished Boone by one A. J. Taylor, assignor of such account to the defendant, City National Bank.

"On or about March 1st, 1929, a loan was completed to take up such construction costs and the money was delivered to Southwestern Title Guaranty Company and by it, acting through V. L. Garnett, delivered to Pickering Lumber Company.

"On or about said time the said V. L. Garnett had a telephone conversation with P. A. Kerby, Cashier of defendant, City National Bank, regarding the matter of said flooring account, when V. L. Garnett stated to P. A. Kerby in substance that when the loan was made the Bank would get its money.

"When V. L. Garnett paid the money, the proceeds of the loan, over to Pickering Lumber Company, he knew that the claim of the City National Bank for such flooring was unpaid and outstanding. There was not enough money to pay the construction contract held by Pickering Lumber Company and the claim held by the City National Bank and at the time of paying over said money to Pickering Lumber Company V. L. Garnett arranged for a note, secured by a deed of trust lien on other property owned by C. H. Boone for the amount of the balance of such construction costs, including the balance due Pickering Lumber Company and the City National Bank, making such note payable to Pickering Lumber Company.

"Pickering Lumber Company knew the Bank's $250.00 item was included in said note.

"On or about June 17th, 1929, Pickering Lumber Company released said note and lien, in consideration of payment to it of about one-half the face of same, without notice to the City National Bank and paid none of the proceeds thereof to said Bank."

 The first proposition is overruled. There was no misjoinder of parties or actions. The contest grew out of one general transaction in connection with the erection of a certain home belonging to one C. H. Boone, and it was proper to join the parties in one action so as to avoid a multiplicity of suits. The law favors any action that will prevent other actions involving the same transaction.

 The cross-action was sufficient to state a cause of action against appellant. The latter, when it took the lien upon the property of Boone, knew that appellee had a claim in note given by Boone to appellant, and a trust in favor of appellee arose. The second proposition is overruled.

The third and fourth propositions are without merit and are overruled. Appellant under the facts was liable to appellee.

The judgment is affirmed.